905 F.2d 1533
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald Raymond WOOMER, Petitioner-Appellant,
v.
James AIKEN, Warden; T. Travis Medlock, Attorney General of
South Carolina, Respondents-Appellees.
Ronald Raymond WOOMER, Petitioner-Appellant,
v.
Parker EVATT, Commissioner; T. Travis Medlock, Attorney
General of South Carolina, Respondents-Appellees.
 Nos. 90-4002, 90-4003.
 United States Court of Appeals, Fourth Circuit.
 Argued April 24, 1990.
Decided April 24, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Clyde H. Hamilton, District Judge. (No. 3:86-1320-15K)
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Joseph F. Anderson, Jr., District Judge. (No. 3:89-1494-17K).
 John H. Blume, South Carolina Death Penalty Resource Center, Columbia, S.C. (Argued), for appellant; Franklin W. Draper, South Carolina Death Penalty Resource Center, Kenneth M. Suggs, Suggs & Kelly, Columbia, S.C., on brief.
 Donald J. Zelenka, Chief Deputy Attorney General, Columbia, S.C. (Argued), for appellees; T. Travis Medlock, Attorney General, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 These appeals arise from separate actions of Ronald R. Woomer attacking his conviction of capital murder, assault and battery with intent to kill, criminal sexual conduct in the first degree, and kidnapping. A death sentence was imposed by the Court of General Sessions for Horry County, South Carolina. The facts supporting the convictions need not be repeated as they are adequately recited in State v. Woomer, 276 S.C. 258, 277 S.E.2d 696 (1981), in State v. Woomer, 278 S.C. 468, 299 S.E.2d 317 (1982), cert. denied, 463 U.S. 1229, 103 S.Ct. 3572, 77 L.Ed.2d 1413 (1983), and in Woomer v. Aiken, 856 F.2d 677 (4th Cir.1988), cert. denied, 109 S.Ct. 1560, 103 L.Ed.2d 862, reh'g denied, 109 S.Ct. 2093 (1989).
 
 
 2
 No. 90-4002 is an effort by Woomer to obtain relief from this court's decision in Woomer v. Aiken, supra, by claiming that the Supreme Court opinions in Powell v. Texas, 109 S.Ct. 3146, 106 L.Ed.2d 551 (1989), and Satterwhite v. Texas, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988), (1) establish a Sixth Amendment right to counsel in connection with court-ordered psychiatric evaluations, (2) require that specific notice of the scope and purpose of the examination be provided to a defendant, and (3) a violation of this right was not harmless error beyond a reasonable doubt. In a very thorough and well-reasoned opinion, the district court denied relief and also denied a motion to stay the execution of Ronald R. Woomer, which has been set for 1:00 a.m., Friday, April 27, 1990, in Columbia, South Carolina.
 
 
 3
 In No. 90-4003, Woomer petitioned for habeas corpus relief under 28 U.S.C. Sec. 2254. The district court initially dismissed the petition as an abuse of the writ, but upon a motion for reconsideration it vacated its prior order and considered two of the issues presented in the motion. These issues were designated as grounds "H" and "I" and alleged:
 
 
 4
 (H) That the misconduct of the prosecutor denied Woomer a meaningful sentencing trial in that (1) the prosecution withheld a police inventory sheet which documented the contents of the motel room where Woomer was arrested and investigatory memoranda prepared by law enforcement authorities; (2) the prosecutor attempted to create a false impression in the minds of the jury that no evidence existed which would have confirmed Woomer's drug use and Skaar's domination over Woomer; and (3) a prosecution witness offered perjured testimony.
 
 
 5
 (I) That Woomer was denied a meaningful capital sentencing in violation of his constitutional rights due to (1) deficiencies in the mental examination performed upon Woomer by the State Hospital and the expert testimony which arose out of that examination; (2) the prosecutor's failure to provide information regarding Woomer's drug and alcohol use and Skaar's domination over Woomer to the State Hospital, and the inadequate procedures used by the hospital, rendered its evaluation unreliable; (3) certain information, unknown to the prosecutor, relating to the State Hospital's chief psychiatrist, who testified against Woomer, rendered Woomer's examination and the expert's testimony unreliable; and (4) the State breached its duty to disclose the information regarding the psychiatrist to the defense.
 
 
 6
 In this action the district court heard several days of testimony in support of and in opposition to the relief sought by appellant. The district court made extensive findings of fact and conclusions of law. The court found that Woomer's constitutional rights had not been violated and denied the motion for the Great Writ. The court also denied the motion to stay the execution.
 
 
 7
 We have considered the order of Judge Joseph F. Anderson, Jr. entered in Case No. 90-4003 as a part of the record on appeal in Case No. 90-4002 as requested by the appellant. We have consolidated all appeals, those on the merits and those from orders denying a stay of execution.
 
 
 8
 Today this panel has heard argument on these consolidated appeals, both on the merits and as to the denial of the requests for a stay of execution. The positions of the parties have been ably and forcefully presented, and we have had the benefit of excellent legal memoranda and the record in each case. We have carefully considered the issues, the record, the law and the arguments, and we conclude that there is little that we can add to the well-reasoned opinions of the two district judges. We affirm the actions of the district court upon the reasoning set forth by the district judges in their respective orders.
 
 
 9
 We have considered the petitions to stay the execution set for 1:00 a.m., Friday, April 27, 1990, pending full briefing to this court and pending appeal to the United States Supreme Court. The legal positions and arguments have been fully presented in the material submitted to us and in the arguments we have heard. After careful consideration, we deny the petitions to stay execution.
 
 
 10
 AFFIRMED.